## STATE _vs._ WILLIAM MELLOR.

The defendant pleaded in abatement to an indictment :

1. That one of the grand jury was not a drawn juror.
2. That one of the grand jury was not notified six days before the sitting of the court.
3. That the notification to one of the grand jury was not returned to the clerk of the court
three days before the court opened.

4. That the notification to one of the grand jury did not bear the seal of the town council.

*Held,* that these pleas were all bad, the statutory provisions on which they were based being not intended for the benefit of the defendant, and therefore not available for his defence.

At the trial of an indictment for the illegal sale of liquors the presiding justice, in connection with evidence tending to show a keeping and selling of liquors, admitted testimony that the defendant had taken out a license from the United States government to sell intoxicating liquors.

*Held,* no error.

A statute provided that "evidence of the sale, or keeping of intoxicating liquors for sale, in any building, place, or tenement, shall be evidence that the sale or keeping is illegal, and that such premises are nuisances."

*Held,* that this statutory provision was constitutional and valid.

EXCEPTIONS to the Court of Common Pleas.

This case was an indictment found in the Court of Common Pleas for the maintenance of a common nuisance, to wit, a grog-shop and place used for the illegal sale of intoxicating liquor. The defendant filed four pleas in abatement, to which the plaintiff demurred, and the demurrer was sustained, whereupon the defendant excepted. At the trial before the jury the defendant excepted to certain rulings of the presiding justice, and to certain portions of his charge, all of which, together with the pleas overruled, are sufficiently set forth in the opinion of the court.

*June* 9, 1882. DURFEE, C. J. The pleas in abatement assign four reasons for abating the indictment, to wit: *first,* one of the jury by which the indictment was found was not a drawn juror; *second,* another juror was not notified six days before the sitting of the court; *third,* the notification to said juror was not returned to the clerk three days before the opening of the court; *fourth,* the notification to another juror was not under the seal of the town council. We do not think that any of the reasons can avail. As to the first, the statute expressly provides that "the Supreme Court and Court of Common Pleas, in term time, may issue writs of *venire* for additional jurors whenever it shall be found necessary for the convenient dispatch of their business;" and, in practice, this provision has always been held, and we think, correctly held, to authorize the taking up on *venire* of grand as well as petit jurors. The second and fourth reasons are founded on defects in the notification, directed by Pub. Stat. R. I. cap. 200, §§ 21 and 22. The object of the notification is to secure the attendance of jurors at court. If the jurors are qualified to serve

and have been duly drawn, and appear to perform the service for which they were drawn, we do not see how it can make any difference to persons who are indicted whether the notification, in compliance with which they appear, is defective or without defect. We are of the opinion that the statutory directions in regard to the authentication and service of the notification were designed solely for the benefit of the jurors; and that, therefore, if the jurors see fit to attend in response to a notification which has been defectively authenticated or served, thus waiving the defect, nobody else can take advantage of it. This view is abundantly supported by the cases cited by the attorney general. The cases cited for the defendant mostly turned, not on defects of notification, but on defects in the drawing or selection of the jurors, which is a very different matter, directly affecting the constitution of the jury. The third reason is founded on a direction contained in § 23 of cap. 200. It seems at first blush to have more in it than the second and fourth reasons, inasmuch as it may be supposed that the return, three days before court, was prescribed for the information of all persons interested; but on reflection we are convinced that there is no sufficient ground for the supposition, since if the jurors were discarded for delay in the return, the result would, or at least might be, the taking up of a *venire* man to supply his place, about whom no information would be attainable beforehand. Doubtless the provision was intended for the benefit of the clerk in the preparation of the jury lists; and it must, therefore, be regarded, as simply directory. Our conclusion is that the pleas in abatement were rightly overruled.

We think the testimony going to show that the defendant had taken out a United States government license to sell intoxicating liquors was admissible in support of the indictment, and we do not discover that the court below committed any material error in its ruling or refusal to rule in regard to it. The testimony was admitted in connection with testimony going to show that, on the premises complained of, intoxicating liquors were both kept and sold.

Finally we do not think the court below erred in refusing to direct the jury, in compliance with the defendant's request, to find a verdict of not guilty, because the State had failed to offer any

proof that he was not licensed to sell intoxicating liquors. The statute, Pub. Stat. R. I. cap. 80, § 3, declares that " evidence of the sale, or keeping of intoxicating liquors for sale, in any building, place, or tenement, shall be evidence that the sale or keeping is illegal, and that such premises are nuisances." There was testimony, as we have seen, to the effect that intoxicating liquors were both kept and sold on the premises, and therefore, under the statute, the jury were entitled to find the defendant guilty if they were satisfied that the keeping or sale was illegal. The defendant contends that the fact, that the liquors were kept for sale or sold, is no evidence that they were illegally kept or sold, and that the General Assembly has no power to make that evidence which intrinsically is not evidence, or which has no tendency to convince. We are not satisfied with this argument. Intoxicating liquors cannot be legally sold or kept for sale, otherwise than in the original packages when imported, by any person who is not one of the comparatively few who are licensed to sell them, and therefore, if they are sold, or kept for sale, the mere fact affords some inference or presumption of illegality. This inference or presumption, without the aid of the statute, would not be available as legal evidence ; but we think it was within the power of the General Assembly to make it so, and, when it once becomes evidence, it is for the jury, not the court, to say whether or not it is sufficient to prove the fact for the proof of which it is adduced. The striking out of the words *primâ facie* has no other effect than to leave the jury free to decide for or against the State, according as they consider the evidence convincing or not.[1]

The exceptions are overruled, and the cause remanded for sentence.                                          *Exceptions overruled.*

*Samuel P. Colt,* Attorney General, for plaintiff.

*Charles E. Gorman, John M. Brennan, & Patrick H. Mulholland,* for defendant.

---

[1] See *State* v. *Higgins, ante,* p. 330.